STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

LANG NATURALS, INC.,
Plaintiff

v.

ISS RESEARCH, LLC,
Defendant

C.A. No. 07-3226

**COMPLAINT**

Lang Naturals, Inc. ("Lang Naturals"), through counsel, complains against ISS Research, LLC ("ISS") as follows:

**Parties**

1. Plaintiff Lang Naturals is a Rhode Island corporation with its principal place of business in Newport, Rhode Island. Lang Naturals develops and sells nutritional products such as high protein food bars and beverages. Lang Naturals' customers resell the products to retailers or end users.

2. Defendant ISS is a North Carolina limited liability corporation with its principal place of business in Charlotte, North Carolina. ISS sells nutrition products to retailers or end users.

**Jurisdiction**

3. Jurisdiction is proper pursuant to R.I.G.L. § 8-2-14, in that the amount in controversy exceeds $10,000.

Rec'd 6/25/07 (KS)

**Common Factual Allegations**

4. In April, 2006, representatives of ISS traveled to Rhode Island to meet with representatives of Lang Naturals. At the request of ISS, Lang Naturals agreed to develop a nutritional beverage for ISS.

5. Lang Naturals and ISS further agreed that if Lang Naturals developed a nutritional beverage for ISS, but ISS did not enter into a supply contract with Lang Naturals, ISS would reimburse Lang Naturals for its development costs.

6. Lang Naturals successfully developed a nutritional beverage for ISS. Between April 2006 and April 2007, ISS repeatedly authorized and approved continued development work, with knowledge that Lang Naturals was incurring substantial expenses for such work. Once successfully developed, however, ISS declined to enter into a supply contract with Lang Naturals for the nutritional beverage. ISS instead secretly approached a company used by Lang Naturals to manufacture its nutritional products to determine if that company would manufacture directly for ISS without going through Lang Naturals.

**Count I – Breach of Contract**

7. Lang Naturals incorporates the allegations of paragraphs 1 through 7 above as if set forth fully herein.

8. ISS agreed that if Lang Naturals developed a nutritional beverage for ISS, but ISS did not enter into a supply contract with Lang Naturals, ISS would reimburse Lang Naturals for its development costs. Lang Naturals successfully developed a nutritional beverage, but ISS has not entered into a supply contract with Lang Naturals. Lang Naturals has made demand for payment of its development expenses, which remain due and owing. ISS is in breach of its obligation to pay Lang Naturals for its development expenses, which total not less than $122,621.

**Count II – Tortious Interference With Contract**

9. Lang Naturals incorporates the allegations of paragraphs 1 through 8 above as if set forth fully herein.

10. ISS approached a company used by Lang Naturals to manufacture its nutritional products to determine if that company would manufacture directly for ISS without going through Lang Naturals. With knowledge of the contractual relationship between Lang Naturals and its manufacturer, ISS intentionally, maliciously and without justification interfered with that relationship by communicating to the manufacturer false and misleading statements casting Lang Naturals and its principals in a negative light. ISS' tortious interference with Lang Naturals' contract damaged Lang Naturals in an amount to be proven at trial.

**Count III – Unjust Enrichment**

11. Lang Naturals incorporates the allegations of paragraphs 1 through 10 above as if set forth fully herein.

12. Lang Naturals successfully developed a nutritional beverage for ISS. Between April 2006 and April 2007, ISS repeatedly authorized and approved continued development work, with knowledge that Lang Naturals was incurring substantial expenses for such work. Once successfully developed, however, ISS declined to enter into a supply contract with Lang Naturals for the nutritional beverage, and refused to pay the development costs. ISS derived and has been unjustly enriched by receiving valuable product and market information from the development work performed by Lang Naturals, which ISS is using to bring a nutritional beverage to market without compensating Lang Naturals. Lang Naturals is entitled to recover the value of ISS' unjust enrichment in an amount to be proven at trial.

WHEREFORE, Lang Naturals prays for judgment in its favor awarding damages, costs, attorneys' fees, interest, and such other and further relief as the Court deems just and proper.

**Jury Demand**

The Plaintiff requests a trial by jury on all issues so triable.

LANG NATURALS, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com

DATED: June 25, 2007

925115_1/3879-21

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No 07-3226

LANG NATURALS, INC.
Plaintiff

ISS RESEARCH, LLC
Defendant

## *Summons*

ISS Research, LLC
c/o Mr. Ron McAfee, Jr.
9800 D Twin Lakes Parkway
Charlotte, NC 28269

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Robert K. Taylor, Esq. Plaintiff's attorney, whose address is Partridge Snow & Hahn LLP, 180 South Main Street, Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: June 25, 2007

**(Seal of the Superior Court)**