# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

ISS RESEARCH, LLC,

Plaintiff,

v.

LANG NATURALS, INC.,

Defendant.

C.A. No. 07CV242

## ANSWER AND COUNTERCLAIM

Lang Naturals, Inc. ("Lang"), through counsel, submits the following answer and defenses to the complaint of ISS Research, LLC ("ISS"). Lang further submits its counterclaim against ISS.

## I. NATURE OF ACTION

1. Lang admits the first sentence of Paragraph 1. The remaining allegations of Paragraph 1 are denied.

2. To the extent Paragraph 2 requires a response, the allegations are denied.

## II. PARTIES AND JURISDICTION

3. Admitted.

4. Admitted.

5. Admitted that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337 and 1367. Lang also admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. Denied.

## III. BACKGROUND FACTS INCORPORATED INTO CLAIMS FOR RELIEF

7. Lang admits the first sentence of Paragraph 7. Lang lacks sufficient information to admit or deny the remaining allegation, which are therefore denied.

8. Denied.

9. Denied.

10. Lang admits that a meeting with Hilts and McAfee occurred on March 6, 2006, that it represented that it was familiar with the market for sports nutrition products, and that it represented that it was a low-margin, high-volume business. The remaining allegations of Paragraph 10 are denied.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Lang admits that it sent ISS a proposed Product Supply Agreement, and that ISS never signed that agreement. The remaining allegations of Paragraph 15 are denied.

16. Denied.

17. Lang admits the first sentence of Paragraph 17. The remaining allegations of Paragraph 17 are denied.

18. Denied.

19. Lang admits the first sentence of Paragraph 19. The remaining allegations of Paragraph 19 are denied.

20. Lang lacks sufficient information to admit or deny the first sentence of Paragraph 20, which is therefore denied. Lang admits that it informed ISS that it had located a

Case 3:07-cv-00242-RJC-CH Document 10 Filed 08/31/2007 Page 3 of 12

manufacturer with some capacity to produce a beverage packaged in plastic. The remaining allegations of Paragraph 20 are denied.

21. Denied.

22. Denied.

23. Denied.

24. Lang lacks sufficient information to admit or deny the allegations of Paragraph 24, which are therefore denied.

25. Lang lacks sufficient information to admit or deny the first sentence of Paragraph 25, which is therefore denied. The remaining allegations are denied.

26. Lang lacks sufficient information to admit or deny the allegations of Paragraph 26, which are therefore denied.

27. Admitted.

28. Lang lacks sufficient information to admit or deny the allegations of Paragraph 28, which are therefore denied.

29. Lang lacks sufficient information to admit or deny the allegations of Paragraph 29, which are therefore denied

30. Lang admits that ISS asked that Lang release Jasper from a contract between Lang and Jasper, and Lang refused. The remaining allegations of Paragraph 30 are denied.

31. Lang admits that it received a letter from ISS' counsel, which speaks for itself. The remaining allegations of Paragraph 31 are denied.

32. Lang admits that its counsel sent a letter to ISS' counsel, which speaks for itself. The remaining allegations of Paragraph 32 are denied.

33. Lang lacks sufficient information to admit or deny Paragraph 33, which is therefore denied.

34. Denied.

35. Denied.

**CLAIM ONE**
**Customer Allocation – Per Se Violation (Sherman Act, Section 1)**

36. Lang restates and realleges the answers to paragraphs 1 through 35 as if fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

**CLAIM TWO**
**Rule of Reason Violation (Sherman Act, Section 1)**

44. Lang restates and realleges the answers to paragraphs 1 through 43 as if fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

**CLAIM THREE**
**Attempt to Monopolize (Sherman Act, Section 2)**

54. Lang restates and realleges the answers to paragraphs 1 through 53 as if fully set forth herein.

55. Denied.

**CLAIM FOUR**
**Unfair and Deceptive Trade Practices Under § 75-1.1 or Other Applicable State Laws**

56. Lang restates and realleges the answers to paragraphs 1 through 55 as if fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

**CLAIM FIVE**
**Tortious Interference With Prospective Economic Advantage**

62. Lang restates and realleges the answers to paragraphs 1 through 61 as if fully set forth herein.

63. Lang lacks sufficient information to admit or deny the allegations of Paragraph 63, which are therefore denied.

64. Denied.

65. Denied.

66. Denied.

**CLAIM SIX**
**Declaratory Judgment – No Breach of Contract**

67. Lang restates and realleges the answers to paragraphs 1 through 66 as if fully set forth herein.

68. Admitted.

69. Denied.

70. Denied.

**CLAIM SEVEN**
**Declaratory Judgment – No Tortious Interference With Contract**

71. Lang restates and realleges the answers to paragraphs 1 through 70 as if fully set forth herein.

72. Lang admits that its counsel sent a letter to ISS' counsel, which speaks for itself. The allegations of Paragraph 72 are otherwise denied.

73. Denied.

74. Denied.

**CLAIM EIGHT**
**Declaratory Judgment – No Bad Faith**

75. Lang restates and realleges the answers to paragraphs 1 through 74 as if fully set forth herein.

76. Lang admits that its counsel sent a letter to ISS' counsel, which speaks for itself. The allegations of Paragraph 76 are otherwise denied.

77. Denied.

78. Denied.

WHEREFORE, Plaintiff's request for relief should be denied.

**DEFENSES**

1. One or more of ISS' claims fails to state a claim on which relief can be granted.

2. Venue is improper as Lang is a Rhode Island corporation and the alleged tortious and anticompetitive acts on which the complaint is based allegedly occurred in Rhode Island.

3. The complaint fails to allege plausible product and geographic markets.

4. Lang's conduct is justified.

**COUNTERCLAIM**

Defendant and Counterclaim-Plaintiff Lang Naturals, Inc., for its Counterclaim against Plaintiff alleges as follows:

1. Lang is a Rhode Island corporation with its principal place of business in Newport, Rhode Island. Lang develops and sells nutritional products such as high protein food bars and beverages. Lang's customers resell the products to retailers or end users.

2. ISS is a North Carolina limited liability corporation with its principal place of business in Charlotte, North Carolina. ISS sells nutrition products to retailers or end users.

3. Jurisdiction is proper in this matter pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. § 1391 in that the Defendant is a resident of this judicial district.

5. In April, 2006, representatives of ISS traveled to Rhode Island to meet with representatives of Lang. At the request of ISS, Lang agreed to develop a nutritional beverage for ISS.

6. Lang and ISS further agreed that if Lang developed a nutritional beverage for ISS, but ISS did not enter into a supply contract with Lang, ISS would reimburse Lang for its development costs.

7. Lang successfully developed a nutritional beverage for ISS. Between April 2006 and April 2007, ISS repeatedly authorized and approved continued development work, with knowledge that Lang was incurring substantial expenses for such work.

8. Once successfully developed, however, ISS declined to enter into a supply contract with Lang for the nutritional beverage. ISS instead secretly approached a company used by Lang to manufacture its nutritional products to determine if that company would manufacture directly for ISS without going through Lang.

**COUNT I**
**Breach of Contract**

9. Lang incorporates the allegations of paragraphs 1 through 8 above as if set forth fully herein.

10. ISS agreed that if Lang developed a nutritional beverage for ISS, but ISS did not enter into a supply contract with Lang, ISS would reimburse Lang for its development costs.

11. Lang successfully developed a nutritional beverage, but ISS has not entered into a supply contract with Lang.

12. Lang has made demand for payment of its development expenses, which remain due and owing.

13. ISS is in breach of its obligation to pay Lang for its development expenses, which total not less than $122,621.

**COUNT II**
**Tortious Interference With Contract**

14. Lang incorporates the allegations of paragraphs 1 through 13 above as if set forth fully herein.

15. ISS approached a company used by Lang to manufacture its nutritional products to determine if that company would manufacture directly for ISS without going through Lang.

16. With knowledge of the contractual relationship between Lang and its manufacturer, ISS intentionally, maliciously and without justification interfered with that relationship by communicating to the manufacturer false and misleading statements casting Lang and its principals in a negative light.

17. ISS' tortious interference with Lang's contract damaged Lang in an amount to be proven at trial.

**COUNT III**
**Unjust Enrichment**

18. Lang incorporates the allegations of paragraphs 1 through 17 above as if set forth fully herein.

19. Lang successfully developed a nutritional beverage for ISS. Between April 2006 and April 2007, ISS repeatedly authorized and approved continued development work, with knowledge that Lang was incurring substantial expenses for such work.

20. Once successfully developed, however, ISS declined to enter into a supply contract with Lang for the nutritional beverage, and refused to pay the development costs.

21. ISS derived and has been unjustly enriched by receiving valuable product and market information from the development work performed by Lang, which ISS is using to bring a nutritional beverage to market without compensating Lang.

22. Lang is entitled to recover the value of ISS' unjust enrichment in an amount to be proven at trial.

**COUNT IV**
**Unfair and Deceptive Trade Practices – Violation of N.C. Gen. Stat. § 75-1.1**

23. Lang incorporates the allegations of paragraphs 1 through 22 above as if set forth fully herein.

24. Pursuant to N.C. Gen. Stat. § 75-1.1, ISS' secret approach to a company used by Lang to manufacture its nutritional products to determine if that company would manufacture directly for ISS without going through Lang, and ISS' false and misleading statements casting Lang and its principals in a negative light constitute an unfair or deceptive trade practice.

25. ISS' conduct and statements occurred in or affected commerce.

26. ISS' conduct and statements injured Lang in its business in an amount to be determined at trial.

WHEREFORE, Lang Naturals, Inc. prays for judgment on its counterclaim awarding damages, costs, attorneys' fees, interest, and such other and further relief as the Court deems just and proper.

**Jury Demand**

Lang Naturals, Inc. requests a trial by jury on all issues so triable.

This the 31st day of August, 2007.

/s/ William C. Mayberry
Wiliam C. Mayberry
N.C. State Bar No. 20572
HELMS MULLISS & WICKER, PLLC
201 N. Tryon Street (28202)
P.O. Box 31247
Charlotte, NC 28231
(704) 343-2000 / (704) 343-2300 FAX
bill.mayberry@hmw.com

*Attorneys for Defendant Lang Naturals, Inc.*

*Of Counsel:*

Robert K. Taylor
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER AND COUNTERCLAIM by electronic filing on the following:

Lawrence C. Moore, III
lmoore@rbh.com

Seth Warrant Whitaker
swhitaker@rbh.com

This the 31st day of August, 2007

/s/ William C. Mayberry
N.C. State Bar No. 20572
HELMS MULLISS & WICKER, PLLC
201 N. Tryon Street (28202)
P.O. Box 31247
Charlotte, NC 28231
(704) 343-2000
(704) 343-2300 FAX
bill.mayberry@hmw.com
*Attorneys for Defendant Lang Naturals, Inc.*