# ROBINSON BRADSHAW & HINSON

LAWRENCE C. MOORE, III
CHARLOTTE OFFICE

DIRECT DIAL: 704.377.8303
DIRECT FAX: 704.373.3903
LMOORE@RBH.COM

May 29, 2007

**Via Registered Mail and E-Mail**
Mr. David Lang
President, Lang Naturals, Inc.
20 Silva Lane
Newport, RI 02842

Re: ***Lang Naturals' Restrictions on Jasper Products, LLC***

Dear Mr. Lang:

I am an attorney with Robinson, Bradshaw & Hinson, which represents ISS Research, LLC. I am writing with regard to the agreement between Lang Naturals, Inc., and Jasper Products, LLC, in which Lang Naturals has represented that ISS is a customer of Lang Naturals, and obtained an explicit agreement from Jasper that Jasper will not supply any products of any kind to ISS. Jasper is willing to discuss supplying products to ISS, but for Lang Naturals' threats to enforce this agreement. ISS, as you know, has never purchased any products from Lang, and declined to enter into an supply agreement with Lang Naturals (because, among other things, Lang's prices were not competitive). ISS learned of Jasper entirely independently of Lang Naturals, and has shared no samples, information, or anything else it received from Lang with Jasper.

Lang Naturals' conduct in entering into such an agreement is a serious violation of the law. Lang Naturals and Jasper are competing suppliers and formulators of nutritional products for companies such as ISS. By obtaining an agreement that Jasper will not sell to ISS, Lang Naturals has explicitly agreed with its competitor Jasper to reserve a potential customer for itself, thereby shutting ISS off from a critical source of supply. Under the Federal Sherman Antitrust Act, and state law equivalents, such a horizontal agreement to allocate a customer to one of the competitors is not only *per se* illegal, but is subject to criminal prosecution. For example, in *U.S. v. Cooperative Theatres of Ohio, Inc.*, 845 F.2d 1367, 1372 (6th Cir. 1988), the court affirmed the criminal conviction of movie theater booking agents who agreed not to call on each other's customers, holding that "a horizontal agreement between two competitors to refrain from seeking business from each other's existing accounts" was "plainly a form of customer allocation and, hence, is the type of 'naked restraint' which triggers application of the *per se* rule of illegality." And just last year, *U.S. v. Rose*, 449 F.3d 627, 630 (5th Cir. 2006) affirmed the criminal conviction of a chemical company's president who had overseen an agreement with competitors that allocated customers. The court noted that agreements to "allocate customers" are illegal *per se*. *Id.* Lang Naturals' agreement with Jasper is no different.

Furthermore, Lang Naturals obtained the agreement from Jasper by falsely representing ISS to be a customer of Lang's. That conduct constitutes an unfair and deceptive trade practice, in violation of the Federal Lanham Act and state law equivalents. Lang Naturals' conduct also constitutes a tortious interference with ISS's prospective economic advantage. Under antitrust, trade practice, and tort law, Lang Natural's conduct exposes it to treble or punitive damages and attorney fees as well as compensatory damages.

To remedy the situation, Lang Naturals must (i) inform Jasper in writing that it will not enforce the restriction on dealing with ISS, copying ISS on the communication; (ii) provide ISS with a list of all other agreements which contain a similar provision, and (iii) send a similar written communication to all other parties to such agreements, copying ISS on the communications. Given the ongoing harm that Lang Naturals' conduct is inflicting on ISS, Lang Naturals needs to take immediate action to rectify this situation. ISS reserves all rights and remedies to which it is entitled, at law and equity, to obtain relief.

I look forward to your prompt response.

Very truly yours,

ROBINSON, BRADSHAW & HINSON, P.A.

Lawrence C. Moore, III

LCM/twf
Enclosure(s)
cc: Jasper Manufacturing
ISS Research