**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **LANG NATURALS, INC.,** **Plaintiff,** v. **ISS RESEARCH, LLC,** **Defendant.** | **C.A. No. 07-275-S** |

**AFFIDAVIT OF RONALD McAFEE, JR.**

I, Ronald McAfee, Jr., being first duly sworn, depose and state as follows:

1. I am the president of ISS Research, Inc. ("ISS"), the Defendant in this action and I have personal knowledge of the matters set forth herein.

2. I am a resident of Cornelius, North Carolina.

3. Basil Hilts is an employee of ISS. He works out of ISS's office in Charlotte, North Carolina an average of two to three days per week.

4. In September 2006, David Lang, William Willis, and Richard Lang of Plaintiff Lang Naturals, Inc. ("Lang Naturals") came to Charlotte to meet with ISS. ISS told Lang Naturals at that meeting that the Proposed Supply Agreement was not acceptable. In response, Lang Naturals indicated it would provide a revised draft agreement, but never did so.

5. Lang Naturals sent sample beverages to ISS without sugar alcohol, but ISS and its biggest customer, Europa Sports Products, Inc. ("Europa"), found them to be unacceptable. Europa, a North Carolina corporation with its principal place of business in Charlotte, is a national distributor of sports supplements.

6. Thomas Morley, an independent formulator with whom ISS works, offered to set

up a meeting between ISS and Jasper. Morley resides in or around Detroit, Michigan.

7. Jasper Products, LLC's president, Kenneth Haubein, resides in or around Joplin, Missouri.

8. Over the course of the above-described dealings, David Lang and William Willis were the primary participants on behalf of Lang Naturals. Lang is the president of Lang Naturals and Willis is Director of Account Management. ISS had limited dealings with a third representative of Lang Naturals, Richard Lang, who, is its vice president.

9. I received a copy of a letter from counsel for Defendant Lang Naturals addressed to counsel for ISS dated June 12, 2007. A true and accurate copy of that letter is attached hereto as Exhibit A.

10. I received a copy of a letter dated June 22, 2007 sent from counsel for ISS to counsel for Lang Naturals enclosing a copy of ISS's Verified Complaint filed in the United States District Court for the Western District of North Carolina on that same day. A true and accurate copy of the cover letter to Lang Naturals' counsel is attached hereto as Exhibit B.

I declare under penalty of perjury that the forgoing is true and correct. Executed on September 6, 2007.

Ronald McAfee, Jr.

# Exhibit A

PSH
PARTRIDGE
SNOW &
HAHN LLP
COUNSELLORS AT LAW

Robert K. Taylor
rkt@psh.com

June 12, 2007

Lawrence C. Moore, III, Esq.
Robinson Bradshaw & Hinson
101 North Tryon Street
Suite 1900
Charlotte, NC 28246

Re: Lang Naturals

Dear Mr. Moore:

We have reviewed your letter to Lang Naturals ("Lang") dated May 29, 2007. It is completely without merit. Instead, as evidenced by the fact that your letter was openly carbon copied to Jasper, ISS is blatantly and wrongfully interfering with Lang's contractual relationship with its supplier. Lang will take all appropriate actions to hold ISS accountable for damages caused by its malicious, unjustified, and tortious conduct, including treble damages, costs and attorneys fees. In addition, Lang hereby makes demand for immediate payment of all its expenses incurred in developing a highly marketable nutritional beverage for ISS. Lang incurred these expenses at the direction of ISS, pursuant to an agreement that they would be reimbursed if ISS elected not to purchase the product though Lang.

ISS is certainly aware that Lang and Jasper are not horizontal competitors, as your letter falsely asserts. Instead, there is a vertical relationship: Jasper manufactures and packages nutritional products for Lang, to Lang's specifications, using Lang's proprietary formulas. Because Jasper is Lang's supplier, your antitrust analysis is patently wrong. The two cases cited in your letter are so clearly inapplicable as to evidence, once again, that ISS's real goal is to wrongfully interfere with Lang's existing relationship with Jasper.

Dozens of federal court cases over the years have upheld vertical nonprice restrictions such as restrictions on a company's ability to deal with certain customers. *See, e.g., Ezzo's Invs. Inc. v. Royal Beauty Supply, Inc.*, 243 F.3d 980 (6th Cir. 2001) (distribution restriction held lawful); *Murrow Furniture Galleries, Inc. v. Thomasville Furniture Indus.*, 889 F.2d 524 (4th Cir. 1989) (customer restrictions held lawful); *Davis-Watkins Co. v. Service Merchandise*, 686 F.2d 1190 (6th Cir. 1982), *cert. denied*, 466 U.S. 931 (1984) (territorial and customer restraints held lawful); *Red Diamond Supply, Inc. v. Liquid Carbonic Corp.*, 637 F.2d 1001 (5th Cir. 1981) (territorial and customer restraints held lawful). Indeed, exclusive distributorships under which a manufacturer agrees to deal with only one customer are routinely

Lawrence C. Moore, III, Esq.
Robinson, Bradshaw & Hinson
June 12, 2007
Page 2

upheld by the courts. *See, e.g., Electronics Communs. Corp. v. Toshiba America Consumer Prods., Inc.*, 129 F.3d 240 (2d Cir. 1997) ("exclusive distributorship arrangements are presumptively legal"). Jasper is not required to deal with only one customer; it is free to deal with virtually any potential customer in the world other than ISS. Likewise, ISS can turn to any supplier in the world other than Jasper. The mere fact that ISS has decided it would like to do business with Lang's existing supplier, but can't, is not an antitrust violation.

Lang quite correctly considers ISS to be a customer. For over a year, Lang worked successfully with ISS to develop a nutritional beverage for ISS to market. During that period, Lang at the direction of ISS devoted time, money and expertise to the project, with the understanding that ISS would either execute a formal agreement to purchase the product from Lang or reimburse Lang for the development costs. As ISS had no prior experience developing nutritional beverages, Lang's services, including its technical and market experience, were plainly essential to the project. ISS was Lang's customer for these services and expertise. Lang has not made a false representation to Jasper, or engaged in any other wrongful conduct, as your letter frivolously asserts.

With a fully developed prototype beverage in hand, ISS informed Lang that it no longer wished to do business and approached Jasper about manufacturing a similar, if not identical, product. Furthermore, ISS has not reimbursed Lang for its development expenses, as agreed. ISS, not Lang, is at a minimum liable in damages for breach of contract, tortious interference with Lang's relations with Jasper, and bad faith. ISS' conduct raises serious questions about whether it may be liable for other misconduct as well, including but not limited to fraud, misrepresentation, and misappropriation of Lang's formulas, which may subject ISS to treble damages. Lang's direct expenses incurred in developing a nutritional beverage for ISS total $122,621; this amount is due and payable immediately. Lang's total development expenses, including administrative and overhead costs, are substantially higher. Lang reserves the right to pursue these additional expenses, plus costs and attorneys' fees, if payment of $122,621 is not received within 10 days.

Please consider this letter as putting ISS on notice that it should preserve all documents relating to Lang, Jasper, and/or ISS' efforts to bring a nutritional beverage to market, including electronic documents, email and communications of all kinds, until further notice.

Very truly yours,

Robert K. Taylor

RKT/tlc

921747_1/3879-1

Exhibit B

# ROBINSON BRADSHAW & HINSON

## FAX COVER SHEET

| SEND TO: | TELEPHONE NO. | FAX NO. |
| --- | --- | --- |
| ROBERT K. TAYLOR, ESQ. | 401-861-8200 | 401-861-8210 |

**FROM:** LAWRENCE C. MOORE, III

**COMMENTS:**

Date: June 22, 2007

Client/Matter: 17063.00010

Number of Pages (including this page): --32--

☐ **Original will NOT follow**
☒ **Original will follow by:**
☒ **Regular Mail** ☐ **Overnight Mail** ☐ **Hand Delivery**

THE INFORMATION CONTAINED IN THIS TELECOPY MAY BE PRIVILEGED AND/OR CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT (OR SUCH RECIPIENT'S EMPLOYEE OR AGENT), YOU ARE HEREBY NOTIFIED NOT TO READ, DISTRIBUTE OR COPY THE MATERIALS ATTACHED HERETO WITHOUT THE PRIOR WRITTEN CONSENT OF THE SENDER. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY THE SENDER BY COLLECT TELEPHONE CALL AND RETURN THE ORIGINAL TELECOPY TO US BY MAIL AND WE WILL REIMBURSE YOU FOR THE REQUIRED POSTAGE. THANK YOU.



Attorneys at Law
101 North Tryon Street, Suite 1900, Charlotte, NC 28246
Charlotte, NC Chapel Hill, NC Rock Hill, SC
www.rbh.com

# ROBINSON BRADSHAW & HINSON

LAWRENCE C. MOORE, III
CHARLOTTE OFFICE

DIRECT DIAL: 704.377.8303
DIRECT FAX: 704.373.3903
LMOORE@RBH.COM

June 22, 2007

**Via Facsimile and U.S. Mail**

Robert K. Taylor, Esq.
Partridge, Snow & Hahn
180 South Main Street
Providence, Rhode Island 02903
Fax: 401-861-8210

Re: ***ISS Research, LLC v. Lang Naturals, Inc.*, United States District Court, Western District of North Carolina, Case 3:07-cv-00242**

Dear Mr. Taylor:

Attached is a courtesy copy of the Complaint we filed earlier today on behalf of ISS Research, LLC.

Very truly yours,

ROBINSON, BRADSHAW & HINSON, P.A.

Lawrence C. Moore, III

LCM/twf
Enclosure(s)
cc: ISS Research

# ROBINSON BRADSHAW & HINSON

## FAX COVER SHEET

| SEND TO: | TELEPHONE NO. | FAX NO. |
|---|---|---|
| ROBERT K. TAYLOR, ESQ. | 401-861-8200 | 401-861-8210 |

**FROM:** LAWRENCE C. MOORE, III

**COMMENTS:**

Date: June 22, 2007 Client/Matter: 17063.00010

Number of Pages (including this page): --32--

☐ **Original will NOT follow**
☒ **Original will follow by:**
☒ **Regular Mail** ☐ **Overnight Mail** ☐ **Hand Delivery**

THE INFORMATION CONTAINED IN THIS TELECOPY MAY BE PRIVILEGED AND/OR CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT (OR SUCH RECIPIENT'S EMPLOYEE OR AGENT), YOU ARE HEREBY NOTIFIED NOT TO READ, DISTRIBUTE OR COPY THE MATERIALS ATTACHED HERETO WITHOUT THE PRIOR WRITTEN CONSENT OF THE SENDER. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY THE SENDER BY COLLECT TELEPHONE CALL AND RETURN THE ORIGINAL TELECOPY TO US BY MAIL AND WE WILL REIMBURSE YOU FOR THE REQUIRED POSTAGE. THANK YOU.



Attorneys at Law
101 North Tryon Street, Suite 1900, Charlotte, NC 28246
Charlotte, NC Chapel Hill, NC Rock Hill, SC
www.rbh.com

REASON FOR ERROR E-1) HANG UP OR LINE FAIL E-2) BUSY E-3) NO ANSWER E-4) NO FACSIMILE CONNECTION

| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
|---|---|---|---|---|---|
| 909 | MEMORY TX | | #48814018618210 | OK | 32/32 |

TRANSMITTED/STORED : JUN. 22. 2007 6:26PM

FAX HEADER:

* * * COMMUNICATION RESULT REPORT ( JUN. 22. 2007 6:35PM ) * * *

P. 1