# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LANG NATURALS, INC.,<br>Plaintiff,<br>v.<br>ISS RESEARCH, LLC,<br>Defendant. | C.A. No. 07-275-S |

**LANG NATURALS, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THE ACTION OR TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA**

Defendant Lang Naturals, Inc. objects to ISS Research, LLC's Motion to Dismiss or, in the Alternative, to Stay the Action or Transfer Venue to the Western District of North Carolina. In support of its objection, Lang Naturals, Inc. relies upon the accompanying memorandum of law.

LANG NATURALS, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com

DATED: September 24, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of September, 2007 the foregoing LANG NATURALS, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THE ACTION OR TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA was filed with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following ECF registered counsel of record:

Joseph V. Cavanagh, Jr., Esq.
jvc@blishcavlaw.com

Kristin E. Rodgers, Esq.
ker@blishcavlaw.com

Joseph V. Cavanagh, III, Esq.
jvc3@blishcavlaw.com

/s/ Robert K. Taylor

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| LANG NATURALS, INC., Plaintiff, v. ISS RESEARCH, LLC, Defendant. | C.A. No. 07-275-S |

**MEMORANDUM IN SUPPORT OF LANG NATURALS, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THE ACTION OR TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA**

Defendant Lang Naturals, Inc. ("Lang"), submits the following memorandum in support of its objection to ISS Research, LLC's Motion to Dismiss or, in the Alternative, to Stay the Action or Transfer Venue to the Western District of North Carolina.

## I. INTRODUCTION

This case arises out of a commercial dispute between a Rhode Island supplier of sports nutrition products and a North Carolina client over payment for Lang's services. Having engaged Lang to formulate and develop a sports beverage – which Lang did successfully, at substantial cost – ISS has denied that it has any obligation to reimburse Lang as agreed. Moreover, after Lang developed a product for ISS, ISS approached one of Lang's contract manufacturers to solicit it to manufacture for ISS without Lang's involvement. Caught red-handed, ISS pursued a strategy of asserting trumped-up antitrust claims to discourage Lang from pursuing payment. When that proved unsuccessful, ISS rushed to file suit in North Carolina without even responding to Lang's formal demand for payment.

Under the circumstances, ISS' rush to the courthouse to file preemptive papers does not deserve the deference often afforded to plaintiffs. The motion to transfer this case to North Carolina should be denied.

## II. BACKGROUND FACTS.

Lang is a Rhode Island corporation with its principal place of business in Newport, Rhode Island. Lang develops and sells nutritional products such as high protein food bars and beverages. Lang's customers resell the products to retailers or end users. ISS is a North Carolina limited liability corporation with its principal place of business in Charlotte, North Carolina. ISS sells nutrition products to retailers or end users. Affidavit of David Lang, attached as Exhibit A.

In April, 2006, representatives of ISS traveled to Rhode Island to meet with representatives of Lang Naturals. At the request of ISS, Lang Naturals agreed to develop a nutritional beverage for ISS. Lang Naturals and ISS further agreed that if Lang Naturals developed a nutritional beverage for ISS, but ISS did not enter into a supply contract with Lang Naturals, ISS would reimburse Lang Naturals for its development costs. *Id.*

Lang successfully developed a nutritional beverage for ISS. Lang used its own research and development staff for product formulation, and other staff to perform purchasing and support functions. At least six Lang executives and employees devoted significant time and effort to this very demanding project, which was Lang's highest priority project during a certain period. Lang incurred significant product development costs, including the cost of production trials, ingredients, and shipping. In early July 2006, ISS tasted the product and told Lang that it was excellent, met ISS' quality objectives, and was clearly superior to competing products. Lang thereafter devoted considerable effort to responding to ISS' demands relating to packaging in anticipation of ISS launching the new product. *Id.*

Between April 2006 and April 2007, ISS repeatedly authorized and approved continued development work, with knowledge that Lang was incurring substantial expenses for such work. Once successfully developed, however, ISS declined to enter into a supply contract with Lang for the nutritional beverage. ISS instead secretly approached a company used by Lang to manufacture its nutritional products to determine if that company would manufacture directly for ISS without going through Lang. When Lang by chance learned of ISS' unscrupulous activity while visiting the manufacturer's plant, Lang's manufacturer rebuffed ISS' advances. *Id.*

By letter dated May 29, 2007, ISS sent Lang a letter threatening suit for alleged violations of the federal Sherman Act, North Carolina trade practices law, and common law tort duties. Apparently hoping to intimidate Lang's manufacturer and smear Lang's trade reputation, ISS sent Lang's manufacturer a copy of its letter. Lang responded with dispositive legal authority refuting ISS' antitrust claims, and made formal demand for payment of sums due to Lang by Friday, June 22, 2007. Without attempting any further communication, ISS filed suit prior to the expiration of Lang's payment deadline and faxed a copy of the complaint to Lang's counsel after close of business that day. *Id.*

## III. <u>PROCEDURAL POSTURE.</u>

Lang filed suit in Rhode Superior Court on June 25, 2007. Lang's suit alleges breach of contract and unjust enrichment, and seeks recovery of approximately $122,000. ISS removed to federal court and filed its motion to dismiss or transfer on September 5, 2007.

ISS filed suit in North Carolina federal court and faxed a copy to Lang's counsel at approximately 6:30 p.m. on Friday, June 22, 2007. In addition to seeking a declaration that ISS did not breach any contract with Lang, ISS asserted violations of Sections 1 and 2 of the

Sherman Act, violations of North Carolina's unfair trade practices law, and tortious interference with contract. Lang filed its answer and counterclaim on August 31, 2007.

## IV. ARGUMENT

Although characterized as a motion to dismiss, ISS' motion is in fact a motion to stay or transfer venue. *Nortek Inc. v. Molnar*, 36 F. Supp. 2d 63, 66 (D.R.I. 1999) (motion to stay or transfer "is not a Motion to Dismiss").[1] A district court's decision to regarding a transfer of venue in a civil action will only be overturned for an abuse of discretion. *Eagle-Picher Indus. v. Liberty Mut. Ins. Co.,* 682 F.2d 12, 16 n. 1 (1st Cir. 1982), *cert. denied,* 460 U.S. 1028, 103 S.Ct. 1279, 75 L.Ed.2d 500 (1983).

While the venue of a first filed suit is generally preferred over the venue of a later suit involving the same claims, that preference may be overcome where (1) the balance of convenience favors the venue of the second action, or (2) there are special circumstances which justify giving priority of the second venue. *Nortek*, 36 F. Supp. 2d at 66; *SW Indus., Inc. v. Aetna Cas. & Sur. Co.*, 653 F. Supp. 631, 634 (D.R.I. 1987). Both of these tests favor proceeding with this action in Rhode Island.

### A. The Balance of Convenience.

The balance of convenience takes into account factors including the location of documents and witnesses, any connection between the forum and the issues, and the law to be applied. *Feinstein v. Brown*, 304 F. Supp. 2d 279, 283 (D.R.I. 2004). Here, the bulk of witnesses and documents will be located in Rhode Island, where Lang undertook to formulate and develop product for ISS. Multiple Lang personnel were involved in the intensive product development work Lang performed for ISS. Other potential witnesses include Lang trade contacts in Rhode Island and elsewhere in the northeastern U.S. who will be relevant to ISS'

---

[1] As the time for filing an answer has passed, ISS is in default.

monopolization claims. In contrast, ISS indicates that only two ISS witnesses, McAfee and Hilts, will be significant in this case. ISS Memorandum at 10. This factor weighs strongly in favor of the case proceeding in Rhode Island.

Furthermore, there is a strong connection between this forum and the issues. Virtually all of the conduct at issue in this dispute occurred in Rhode Island. Lang performed the product development work in Rhode Island. The activity underlying ISS' specious antitrust claims occurred in Rhode Island. Under these circumstances, Rhode Island law will likely govern the parties' common law claims. These factors also support proceeding with the case in Rhode Island. *See Nortek*, 36 F. Supp. 2d at 66-68.

**B. Special Circumstances.**

On the facts present here, ISS' choice of forum is not entitled to any deference. Faced with a demand for payment of approximately $122,000, ISS did not respond or even wait until the expiration of the demand period to file suit. ISS' filing was a classic rush to the courthouse to secure a tactical advantage. Lang is the true plaintiff in this situation, and its choice of a Rhode Island forum should be respected. *See Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987).

Furthermore, Fed. R. Civ. P. 1 calls for the speedy resolution of claims. The Rhode Island federal court, with its speedy timetables for discovery and trial, will promote this goal of the federal rules. If litigated in North Carolina, discovery will not conclude until September, 2008 with trial presumably some months thereafter. *See* Initial Conference Report and Proposed Schedule, attached as Exhibit B. This case should remain in Rhode Island to facilitate its prompt completion.

## V. CONCLUSION

For all of the foregoing reasons, ISS' motion should be denied.

LANG NATURALS, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor

Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com

DATED: September 24, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2007 the foregoing MEMORANDUM IN SUPPORT OF LANG NATURALS, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THE ACTION OR TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA was filed with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following ECF registered counsel of record:

Joseph V. Cavanagh, Jr., Esq.
jvc@blishcavlaw.com

Kristin E. Rodgers, Esq.
ker@blishcavlaw.com

Joseph V. Cavanagh, III, Esq.
jvc3@blishcavlaw.com

/s/ Robert K. Taylor

941103_1/3879-21